UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UDIS SANCHEZ MANALANSAN-LORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case no. 4:08cv0676 TCM |
| ) | |
| DIRECT LOAN SERVICING CENTER, ) et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court[1] on the motion of defendants U.S. Department of Education, Direct Loan Servicing Center, and Direct Loan Service Systems (hereinafter collectively referred to as "the Government defendants") to dismiss for lack of subject matter jurisdiction, see Fed.R.Civ.P. 12(b)(1), and for failure to state a claim, see Fed.R.Civ.P. 12(b)(6); on the motion of defendant ECMC Group ("ECMC") to dismiss for insufficient service of process, see Fed.R.Civ.P. 12(b)(5), and for failure to state a claim or, in the alternative, for a more definite statement, see Fed.R.Civ.P. 12(e); and on the motion of plaintiff, Udis Sanchez Manalansan-Lord, to deny the two motions to dismiss.[2] [Docs. 10, 15, 23]

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]This pro se motion will be liberally construed, see **Baldwin v. Credit Based Asset Serv'g and Securitization**, 516 F.3d 734, 738 (8th Cir. 2008), as a response to the two motions to dismiss.

## Background

This case was originally filed in the Circuit Court for the County of St. Louis, Missouri, and removed to federal court on the grounds that the defendants included agencies of the United States Government. See 28 U.S.C. § 1442(a)(1) (authorizing the removal to federal court of a civil action commenced in state court against the United States or its agencies or officers).

Plaintiff alleges in her complaint that the Government defendants and ECMC are wrongfully persisting in their efforts to collect monies due on student loans that were discharged in bankruptcy in April 1992. (Compl. ¶¶ 1-3.) These efforts include harassing her at work and home at all times of the day and night; threatening to sue her, garnish her wages, and place a lien against her house; and wrongfully reporting to credit reporting agencies that she is delinquent on the discharged loans. (Id. ¶¶ 6-8, 15, 17.) Plaintiff alleges that these efforts violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, and are in contempt of the bankruptcy order discharging the loans. (Id. ¶¶ 16, 18, 24.) Additionally, these efforts have resulted in her being unable to refinance her home and having eventually to again file for bankruptcy. (Id. ¶¶ 13, 19, 21.) They have also caused (a) her to suffer from a debilitating depression; (b) her daughter's violin to be repossessed, resulting in her daughter no longer playing for the youth symphony and then running away from home; and (c) her to retire early in order to withdraw retirement funds to avoid foreclosure. (Id. ¶¶ 19-21, 23.) Plaintiff seeks five million dollars in damages.

The Government defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction on the grounds that they are immune from suit under the FDCPA and

under Rule 12(b)(6) for failure to state a claim on the grounds that Plaintiff's student loans have not been discharged in bankruptcy. ECMC moves to dismiss under Rule 12(b)(5) for lack of proper service and under Rule 12(b)(6) on the grounds that they are not a debt collector within the meaning of the FDCPA, the student loans were not discharged, and Plaintiff's FDCPA claims are untimely. Alternatively, ECMC moves for a more definite statement of the claims against it.

Plaintiff disagrees with each argument.

## Discussion

Rule 12(b)(1). Claims of sovereign immunity are properly raised in a motion to dismiss for lack of subject matter jurisdiction. **Hagen v. Sisseton-Wahpeton Comty. College**, 205 F.3d 1040, 1043 (8th Cir. 2000); **Brown v. United States**, 151 F.3d 800, 803-04 (8th Cir. 1998). On such a motion, the party claiming jurisdiction has the burden of proving subject matter jurisdiction by a preponderance of the evidence. See **OnePoint Solutions, LLC v. Borchert**, 486 F.3d 342, 347 (8th Cir. 2007). "Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." **Jessie v. Potter**, 516 F.3d 709, 712 (8th Cir. 2008). The Government defendants' motion to dismiss may be decided at the pleading stage.

"[T]he terms of the United States' 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" **Brown**, 151 F.3d at 803 (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)); accord **T.L. ex rel. Ingram v. United States**, 443 F.3d 956, 959 (8th Cir. 2006). A waiver of sovereign immunity is to be narrowly construed in favor of the

United States, and any ambiguities must be resolved in the United States' favor. **Rutten v. United States**, 299 F.3d 993, 995 (8th Cir. 2002). "[T]he FDCPA does not contain an unequivocal and express waiver of sovereign immunity . . . ." **Wagstaff v. U.S. Dep't of Educ.**, 509 F.3d 661, 664 (5th Cir. 2007). Indeed, the FDCPA expressly exempts from the definition of "debt collectors" "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6).

Because Plaintiff has failed to establish that the Government defendants are not immune from her suit, her claims against them will be dismissed for lack of subject matter jurisdiction.

Rule 12(b)(5). ECMC moves first to dismiss the case against it for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

While her case was pending in state court, Plaintiff attempted to serve ECMC by mailing a "Summons for Personal Service Outside the State of Missouri" to ECMC at a Post Office Box in St. Paul, Minnesota. This Summons was addressed to "Director" and was mailed "Return Receipt Requested." (ECMC Ex. A.) It was signed for on April 16, 2008. (Id.) Because the case was initiated in state court and Plaintiff attempted to serve ECMC under Missouri law, Missouri law governs the question whether that service was properly effected. See **Marshall v. Warwick**, 155 F.3d 1027, 1029 (8th Cir. 1998).

In Missouri, in the case of a corporation, partnership, or other unincorporated association, service must be on "an officer, partner, or managing, or general agent" or on a person at the defendant's business office that has charge thereof or on a registered agent.

Mo.S.Ct.R. 54.13(b)(3). Rule 54.16 of the Missouri Supreme Court Rules "permits summons to be served by regular mail upon acknowledgment by a defendant in the manner prescribed by that rule." **Holly v. Holly**, 151 S.W.3d 148, 150 n.3 (Mo.Ct.App. 2004). The Rule prescribes that two copies of a notice and acknowledgment and a return envelope, postage prepaid addressed to the sender, be sent. Mo.S.Ct.R. 54.16. See also Mo.Rev.Stat. § 506.150.4 (statutory provision including same requirements for service by mail). If the acknowledgment is not completed and returned, service of the summons and petition must be as otherwise provided by statute. Mo.S.Ct.R. 54.16; Mo.Rev.Stat. § 506.150.4.

The only indication in the record that ECMC was served is the return receipt indicating that a "Mark Smunds" signed for the summons and complaint as an "agent" of ECMC. There is no completed acknowledgment. Nor does Plaintiff allege there is such in response to the motion to dismiss.

Accordingly, Plaintiff's claims against ECMC Group will be dismissed for lack of proper service.

Rule 12(b)(6). ECMC also moves to dismiss Plaintiff's action for failure to state a claim on which relief can be granted, arguing, inter alia, that it is not a "debt collector" within the meaning of the FDCPA. The Court will address certain issues raised in that motion only insofar as they may be relevant should the action be refiled.

A Rule 12(b)(6) motion that the allegations in a complaint fail to state a claim should be granted "'only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant a grant of relief.'" **Katun Corp. v. Clarke**, 484 F.3d 972, 975 (8th Cir. 2007) (quoting Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir. 2006)). Under

this standard, "[t]he court assumes as true all factual allegations in the complaint"; however, "'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'" **Levy v. Ohl**, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)). "Further, written instruments attached to the complaint become part of it for all purposes." **Quinn v. Ocwen Fed. Bank FSB**, 470 F.3d 1240, 1244 (8th Cir. 2006) (citing Fed.R.Civ.P. 10(c)). "For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint." **Id.**

The Educational Credit Management Corporation ("the Corporation") held Plaintiff's defaulted student loan at some point.[3] (Compl. Ex. 12.) It is part of the ECMC Group. (See "About ECMC Group," http://www.ecmcrrmc.com/ecmcgroup.html (last visited Oct. 21, 2008). The Corporation is "a private, non-profit corporation and a guaranty agency[4] in the Federal Family Education Loan Program." **In re Howe**, No. CV 07-03483 AHM, 2008 WL 4184640, *1 (C.D. Cal. 2008); accord **Educal. Credit Mgmt. Corp. v. Stockman**, No. CV-07-1542-PHX-FJM, 2008 WL 942096, *1 (D. Ariz. 2008); **Barker v. Educal. Credit Mgmt. Corp.**, No. 07-CV-0224-MJR, 2008 WL 754095, *1 (S.D. Ill. 2008). This Court agrees with the reasoning of **Pelfrey v. Educal. Credit Mgmt. Corp.**, 71 F.Supp.2d 1161, 1172-74, 1179-80 (N.D. Ala. 1999), that the Corporation is a fiduciary to the United States

---

[3]The loan was apparently in Plaintiff's former name, Gertrude Hyams.

[4]The Department of Education's regulations for the Federal Family Education Loan Program (formerly the Guaranteed Student Loan Program) define a guaranty agency as "[a] State or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the Act." 34 C.F.R. § 682.200(b).

Department of Education and, consequently, is subject to the "Government official" exemption in 15 U.S.C. § 1692a(6)(C). Accord **Rowe v. Educal. Credit Mgmt. Corp.**, 465 F.Supp.2d 1101, 1102-03 (D. Or. 2006); **Montgomery v. Educal. Credit Mgmt. Corp.**, 238 B.R. 806, 808-09 (D. Minn. 1999).

ECMC states in its memorandum in support of its motion to dismiss that it is *not* a guaranty agency and is not a debt collector as defined in the FDCPA. (Mem. at 5.) "The FDCPA imposes civil liability only on debt collectors, as they are defined by the statute." **Volden v. Innovative Financial Sys., Inc.**, 440 F.3d 947, 950 (8th Cir. 2006) (citing 15 U.S.C. § 1692k). The statutory definition of a debt collector is "'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*.'" **Id.** (quoting § 1692a(6)). The term "debt collector" specifically does not include "any officer or employee of the United States to the extent that collecting or attempting to collect any debt is in the performance of his official duties" or "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement . . . or (iv) concerns a debt which was originated by such person[.]" 15 U.S.C. §§ 1692a(6)(C), (F).

There are insufficient allegations in Plaintiff's complaint to determine whether ECMC falls within the definition of a debt collector. She attaches to her complaint a letter ECMC wrote Plaintiff in October 2002 in response to correspondence from her about her student loans. Aside from attaching this letter and naming ECMC as a defendant in the caption of

this 2008 action, Plaintiff does not make any allegations against it. She only alleges in paragraph two that a "Educational Management Corp." sold and resold her loans. Thus, Plaintiff's allegations against ECMC for a violation of the FDCPA fail to state a claim. Because the Court finds the service of process on ECMC insufficient, it declines to reach the issue of whether Plaintiff should be afforded an opportunity to amend her complaint to cure this deficiency.

## Conclusion

For the foregoing reasons, Plaintiff's claims against the Government defendants will be dismissed for lack of subject matter jurisdiction and her claims against ECMC Group will be dismissed without prejudice for insufficient service of process.[5]

Accordingly,

---

[5]The Government defendants and ECMC also argue that Plaintiff has failed to state a claim because her student loan debts have not been discharged in bankruptcy. Based on the confusing record of Plaintiff's bankruptcy proceedings, such a determination cannot be made at this stage of the proceedings. For instance, Plaintiff, under the name Gertrude M. Hyams, and Raymond Lord filed for Chapter 7 bankruptcy protection and were discharged in January 1992. In re Raymond Lord, No. 91-46292-BKC-172. (Pl. Ex. 6.) Listed as an unsecured creditor in this case was the Great Lakes Higher Education Corporation. (Pl. Ex. 7.) The amount of claim was $39,000 for "approximately 10 loans beginning in 1984." (Id.) In April 1992, Plaintiff and Mr. Lord filed for Chapter 13 bankruptcy protection. See In re Raymond Lord, No. 92-42662. In March 2004, Plaintiff filed for Chapter 7 protection. See In re Udis Lord, No. 04-43255-A399. Listed as an unsecured creditor was the U.S. Department of Education. The claim was incurred in 1978 and was for $124,228. This case was closed in October 2006. In May 2006, Plaintiff filed for Chapter 13 bankruptcy protection. In re Udis Lord, No. 06-41884. Listed as an unsecured creditor was U.S. Department of Education for a debt originating in 1976 and in the amount of $225,000. A claim by the Department was filed in the amount of $150,544.80. Ms. Lord requested that the claim be allowed over the trustee's objections to its untimely filing. The claim was denied. This bankruptcy petition is still pending.

**IT IS HEREBY ORDERED** that the motion to dismiss of U.S. Department of Education, Direct Loan Servicing Center, and Direct Loan Service Systems for lack of subject matter jurisdiction is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that the motion to dismiss of ECMC Group for insufficient service of process is **GRANTED**. [Doc. 15]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of October, 2008.